IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| TAURUS BROWN | § | |
|    TDCJ-CID #774107 | § | |
| V. | § | C.A. NO. C-04-471 |
| | § | |
| CHRISTOPHER CARR, ET AL. | § | |

**MEMORANDUM AND RECOMMENDATION
TO DENY DEFENDANTS' MOTION TO DISMISS**

Pending is defendants' motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (D.E. 24). Plaintiff has filed a response in opposition. (D.E. 28). For the reasons stated herein, it is recommended that the Court deny defendants' motion to dismiss without prejudice.

### I. JURISDICTION

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.

### II. BACKGROUND

Plaintiff is a Texas state prisoner, currently incarcerated at the Darrington Unit in Rosharon, Texas, although his complaint concerns events that occurred at the McConnell Unit in Beeville, Texas. In his *pro se* complaint, plaintiff sued the following McConnell Unit officers and officials: (1) Correctional Officer ("C.O.") Christopher Carr; (2) C.O. Alan Cantu; (3) C.O. Adan Garcia; (4) C.O. Jose Lopez; (5) C.O. Michael McGouran; (6) Sergeant Martha Gallegos; (7) Sergeant Jarrod

Bleibdrey; (8) Sergeant Armando Sanchez; (9) Captain Aurlio Ambriz; (10) Assistant Warden Alfonso Castillo; (11) Assistant Warden Eileen Kennedy; and (12) C.O. Bobby Gonzalez. (D.E. 1 at 3, 3a). Plaintiff claimed that defendants engaged in a pattern of retaliation against him, including the denial of food, showers, and recreation. (D.E. 1 at 4). Plaintiff also claimed that defendants used excessive force against him, causing him serious bodily injury. Id. Plaintiff did not indicate when any of these events occurred, who was involved, or the nature of any of his injuries. He requested $100,000 in actual and exemplary damages. (D.E. 1 at 4).

On May 25, 2005, defendants moved for a Rule 7(a) reply requiring plaintiff to set forth his claims with more particularity. (D.E. 23). See Fed. R. Civ. P. 7(a) (authorizing the Court to order a reply to an answer). On that same date, defendants filed their Rule 12(b)(6) motion to dismiss. (D.E. 24).

On July 5, 2005, plaintiff filed his Rule 7(a) reply. (D.E. 27). In his reply, plaintiff claims that he is the victim of retaliation due to his filing grievances and civil lawsuits.[1] According to plaintiff, he filed life endangerment claims against Officers Cantu and Garcia because they "had plotted an attack" against him. Despite his life endangerment claim, plaintiff alleges that, on an unspecified date,

---

[1] Currently, plaintiff has two additional lawsuits pending in the united States District Court for the Western District of Texas, San Antonio Division. On case, S.A. 04-129, involves eight of the twelve defendants named in this lawsuit. The other lawsuit, filed in this Court under C.A. C-05-252, and transferred to San Antonio, does not involve any of the defendants named herein.

2

Officers Cantu and Garcia "slammed" him for no reason, injuring his right shoulder. Plaintiff claims that Officer McGovran, Sgt. Gallegos, and Sgt. Bleibdrey were working the same shift as Officers Cantu and Garcia, but did not stop those officers from slamming him. Plaintiff claims further that Sgt. Bleibdrey filed false disciplinary charges against him.

Plaintiff also claims that Officers Carr and Lopez fractured his right hand and denied him meals and recreation as part of a "pattern of harassment and retaliation." He claims that Warden Kennedy and Warden Castillo were aware of their officers' retaliatory conduct because plaintiff wrote them several letters; however, these defendants did nothing to stop it. Similarly, he claims that Sgt. Sanchez and Captain Abriz were aware of the conduct of the correctional officers, but did not intervene to assist plaintiff.

Plaintiff makes no allegations against Officer Gonzales beyond naming his as a defendant.

## II. DISCUSSION

### A.  Legal Standard

A plaintiff fails to state a claim under Rule 12(b)(6) when he fails to allege any set of facts in support of his claim that would entitle him to relief. Taylor v. Books A Million, Inc., 296 F.3d 376, 378 (5th Cir. 2002); Oliver v. Scott, 276 F.3d

736, 740 (5th Cir. 2002). "A motion to dismiss under rule 12(b)(6) 'is viewed with disfavor and is rarely granted.'" Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000) (quoting Kaiser Aluminum & Chem. Sales v. Avondale Shipyards, 677 F.2d 1045, 1050 (5th Cir. 1982)).

When considering a motion to dismiss, plaintiff's well-pled factual allegations are accepted as true and construed in the light most favorable to the plaintiff. Taylor, 296 F.3d at 378; Oliver, 276 F.3d at 740. "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim." Jones v. Greninger, 188 F.3d 322, 324 (5th Cir. 1999) (per curiam) (citing Doe v. Hillsboro Indep. Sch. Dist., 81 F.3d 1395, 1401 (5th Cir. 1996)). A claim should not be dismissed "unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." Id. (citing Vander Zee v. Reno, 73 F.3d 1365, 1368 (5th Cir. 1996)). In evaluating a motion to dismiss, "a district court must limit itself to the contents of the pleadings, including attachments thereto." Collins, 224 F.3d at 498 (citing FED. R. CIV. P. 12(b)(6)).

**B.     Analysis of plaintiff's claims.**

   **1.  Excessive force.**

Plaintiff claims that defendants Carr, Cantu, Garcia, and Lopez used excessive force against him.  Despite the opportunity to do so in his Rule 7(a) reply, plaintiff failed to identify the dates on which the alleged excessive force occurred, whether he was taken to the infirmary for treatment, and whether he filed grievances concerning the event to exhaust his administrative remedies.  However, it cannot be said that plaintiff could not prevail on these allegations if all the facts were known.[2]  Collins, 224 F.3d at 498.  Thus, it is recommended that defendants' motion to dismiss plaintiff's excessive force claims be denied without prejudice.

   **2.  Retaliation.**

Plaintiff contends that defendants have retaliated against him because he exercised his right of access to the courts by filing a civil action in the United States District Court for the Western District of Texas, San Antonio Division: S.A. 04-129.  In addition, plaintiff claims that defendants have retaliated against him because he exercised his right to file grievances.

---

[2] By separate order, plaintiff will be instructed to file a more definite statement setting forth the details of his excessive force claims including the dates of the alleged use of force, the parties involved, any injuries sustained, and what administrative remedies were pursued.

In inmate litigation, the Fifth Circuit has established that "[t]o prevail on a claim of retaliation, a prisoner must establish (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." McDonald v. Steward, 132 F.3d 225, 231 (5th Cir. 1998). The inmate must be able to point to a specific constitutional right that has been violated. Jones v. Greninger, 188 F.3d 322, 325 (5th Cir. 1999). The inmate must allege more than his personal belief that he is the victim of retaliation. Johnson v. Rodriguez, 110 F.3d 299, 310 (5th Cir.1997). Conclusory allegations of retaliation are insufficient. Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995). "The inmate must produce direct evidence of motivation or, the more probable scenario, 'allege a chronology of events from which retaliation may plausibly be inferred.'" Id. (citation omitted). Causation requires an inmate to show that but for the retaliatory motive, the adverse action would not have occurred. McDonald, 132 F.3d at 231.

Plaintiff claims that each defendant has been motivated to retaliate against him, in part, because he filed civil action S.A. 04-129. In that case, plaintiff sued eight of the 12 defendants named in this action: Officer Jose Lopez, Officer McGovran, Sgt. Gallegos, Sgt. Bleibdrey, Sgt. Sanchez, Capt. Ambriz, Warden Castillo, and Warden Kennedy.

Plaintiff did not sue Officers Carr, Cantu, Garcia, or Gonzalez in the San Antonio lawsuit. Because these individuals are not named as defendants in that case, it seems unlikely that they would have been motivated to retaliate against plaintiff due to his filing a lawsuit that does not concern or involve them. Plaintiff fails to explain how his filing of a lawsuit against the defendants named in the San Antonio case would cause defendants Carr, Cantu, Garcia or Gonzalez to retaliate against him.

However, plaintiff also claims that defendants have retaliated against him for filing grievances and a life endangerment claim. Although he offers no details in either his complaint or his Rule 7(a) reply to substantiate those claims, it cannot be said that he has failed to state a claim. Thus, it is recommended that defendants' motion to dismiss plaintiff's retaliation claims be denied without prejudice. Again, plaintiff will be instructed to file a more definite statement as to these claims.

**3.  Personal involvement and supervisory liability.**

Defendants argue that plaintiff has failed to allege personal involvement as to any of the named defendants.

Personal involvement is an essential element of a civil rights cause of action. Thompson v. Steele, 709 F.2d 381, 382 (5th Cir.1983). Moreover, a supervisor who is not personally involved is liable under the theory of "supervisory liability"

only if he has implemented "a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." Thompkins v. Belt, 828 F.2d 298, 304 (5th Cir. 1987). "Supervisory officials may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivation; or (ii) implement unconstitutional policies that causally result in plaintiff's injuries." Mouille v. City of Live Oak, Tex., 977 F.2d 924, 929 (5th Cir. 1992).

As previously noted, in his original complaint, plaintiff failed to allege personal involvement as to any named defendant, and defendants moved for dismissal based on the allegations in that pleading. In his Rule 7(a) reply, however, though still incomplete, plaintiff has *alleged* personal involvement as to each defendant, except Officer Gonzalez.[3] At this point, plaintiff's allegations prevent dismissal for failure to state a claim. Thus, it is recommended that defendants' motion to dismiss be denied without prejudice.

---

[3] Although plaintiff has failed to allege any specific facts to support his claims against Officer Gonzales, it is recommended that plaintiff's claims against this defendant be evaluated after plaintiff has filed his more definite statement.

## IV.  RECOMMENDATION

For the foregoing reasons, it is recommended that the Court deny defendants' motion to dismiss without prejudice.  (D.E. 24).  Defendants can move for dismissal, if appropriate, following plaintiff's filing of his more definite statement.

Respectfully recommended this 7th day of July 2005.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1)(C), and Article IV, General Order No. 2001-6, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (1996) (en banc).