IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| TAURUS BROWN | § | |
|    TDCJ-CID #877566 | § | |
| v. | § | C.A. NO. C-04-471 |
| | § | |
| CHRISTOPHER CARR, ET AL. | § | |

## ORDER

This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding in this action *in forma pauperis*. Pending is his motion for depositions to be conducted by telephone. (D.E. 72).

During a telephonic hearing on May 10, 2006, defendants indicated that they opposed plaintiff's motion. They argued that they had produced extensive discovery to plaintiff and that depositions were unnecessary.

Plaintiff seeks to depose seven defendants by telephone. He is incarcerated in the Allred Unit located in Iowa Park, Texas. Defendants are all located at the McConnell Unit in Beeville, Texas. The distance between these two prisons is almost 500 miles.

Plaintiff files this motion pursuant to Rule 30(b)(7) of the Federal Rules of Civil Procedure. Specifically, Rule 30(b)(7) states that

> The parties may stipulate in writing or the court may upon motion order that a deposition be taken by telephone or other remote electronic means. For the purposes of this rule and Rules 28(a), 37(a)(1), and

>   37(b)(1), a deposition taken by such means is taken in the district and at the place where the deponent is to answer questions.

Fed. R. Civ. P. 30(b)(7). The party seeking to take depositions by telephone must establish a legitimate reason for its motion. Cressler v. Neuenschwander, 170 F.R.D. 20, 21 (D. Kan. 1996). Then the party opposing depositions by telephone have the burden to establish good cause as to why they should not be conducted by telephone. Loughin v. Occidental Chem. Corp., 234 F.R.D. 75, 76 (E.D. Pa. 2005); Cressler, 170 F.R.D. at 21. Generally, leave to take depositions by telephone should be granted liberally. Jahr v. IU Int'l Corp., 109 F.R.D. 429, 431 (M.D.N.C. 1986).

Plaintiff is an inmate who is no longer incarcerated at the same prison where defendants work. He cannot appear in person to attend depositions of defendants at their place of employments.[1] Thus, he has established a legitimate basis for taking their depositions by telephone. Presumably each defendant will testify at any trial held in this case. Plaintiff reasonably seeks to depose them on issues regarding their role in this action and defenses that they may assert.

Defendants argument that telephonic depositions are unnecessary due to the amount of documents that were produced to plaintiff is unpersuasive. Production

---

[1] Pursuant to Rule 45 of the Federal Rules of Civil Procedure, plaintiff cannot require that defendants be deposed where he is incarcerated as they work over 100 miles from his prison. Fed. R. Civ. P. 45(b)(2).

2

of documents is no substitute for a deposition.  Indeed, one function of depositions is to ask questions about various documents and records.  Plaintiff has indicated that he has such questions for defendants.

Accordingly, plaintiff's motion to depose the seven defendants by telephone is granted.  However, that is not the end of the analysis in this case.  The fact that plaintiff is an inmate proceeding in this action *in forma pauperis* affects whether he ultimately may be able to take the depositions.

An inmate proceeding in forma pauperis in a civil action may not issue subpoenas without paying the required fees.  See Pedraza v. Jones, 71 F.3d 194, 196 n.4 (5th Cir. 1995); Hodge v. Prince, 730 F. Supp. 747, 751 (N.D. Tex. 1990), aff'd mem. 923 F.2d 853 (5th Cir. 1991).  Consequently, plaintiff must still pay fees associated with any depositions of defendants.  See Tajeddini v. Gluch, 942 F. Supp. 772, 782 (D. Conn. 1996) ("*In forma pauperis* status does not require the Government to advance funds to pay for deposition expenses."); Fernandez v. Kash N' Karry Food Stores, Inc., 136 F.R.D. 495, 496 (M.D. Fla. 1991) (witness and mileage fees required to be paid by indigent plaintiff).  These deposition costs would include not only any fees, but the cost of the court reporter's services as well as the cost for copies of the transcripts.[2]  Plaintiff may not expect the Court or

---

[2] If plaintiff is unable to afford to take depositions via telephone, then he may take depositions upon written questions.  See Fed. R. Civ. P. 31.  Alternatively, he may serve defendants with interrogatories.  See Fed. R. Civ. P. 33.  Pursuant to Local Rule 33.1, "[n]o more

3

defendants to pay for these fees and expenses simply because he is an indigent inmate proceeding pro se in this action.

Accordingly, plaintiff's motion to depose defendants via telephone, (D.E. 72), is granted consistent with this order.

ORDERED this 22nd day of May 2006.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

---

than twenty-five interrogatories (counting sub-parts) may be served without leave of Court."