IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

TAURUS BROWN                              §
    TDCJ-CID #877566               §
                    §
v.                                        §          C.A. NO. C-04-471
                    §
CHRISTOPHER CARR, ET AL.                  §

## ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

This is a civil rights action filed by a prisoner pursuant to 42 U.S.C. § 1983.  Plaintiff's

motion for appointment of counsel is pending.  (D.E. 103).

No constitutional right to appointment of counsel exists in civil rights cases.  Wendell v.

Asher, 162 F.3d 887, 892 (5th Cir. 1998); Akasike v. Fitzpatrick, 26 F.3d 510, 512 (5th Cir. 1994)

(per curiam).  A district court is not required to appoint counsel unless "'exceptional

circumstances'" exist.  Cupit v. Jones, 835 F.2d 82, 86 (5th Cir. 1987) (quoting Jackson v. Dallas

Police Dep't, 811 F.2d 260, 261 (5th Cir. 1986) (per curiam)).  Among the factors that the Court

should consider are: "(1) the type and complexity of the case; (2) whether the indigent is capable

of adequately presenting his case; (3) whether the indigent is in a position to investigate

adequately the case; and (4) whether the evidence will consist in large part of conflicting testimony

so as to require skill in the presentation of evidence.  The court should also consider whether

appointed counsel would aid in the efficient and equitable disposition of the case."  Jackson, 811

F.2d at 262 (citing Ulmer v. Chancellor, 691 F.2d 209, 213 (5th Cir. 1982)); accord Norton v.

Dimanza, 122 F.3d 286, 293 (5th Cir. 1997).

Upon careful consideration of the factors set forth in Jackson, the Court finds that

appointment of counsel is not warranted at this time.  Regarding the first factor, plaintiff's Eighth

Amendment claims do not present any complexities that are unusual in prisoner actions.  The

second and third factors are whether the plaintiff is in a position to adequately investigate and

present his case.  Plaintiff has thus far demonstrated that he is able to adequately communicate and

file pleadings with the Court.  The fourth factor requires an examination of whether the evidence

will consist in large part of conflicting testimony so as to require skill in the presentation of

evidence.  Plaintiff's action has not been scheduled for trial; consequently, at this time, the

appointment of counsel for trial would be premature.  Finally, there is no indication that appointing

counsel would aid in the efficient and equitable disposition of the case.  Currently, there is a

pending recommendation that plaintiff's excessive force and failure to protect claims proceed to

trial and that his retaliation claim be dismissed.  (D.E. 100).  This memorandum and

recommendation, however, has not been ruled on by the Court.  Accordingly, there is no trial

scheduled yet.

      No "exceptional circumstances" exist that warrant the appointment of counsel at this time.

Accordingly, plaintiff's motion for appointment of counsel, (D.E. 103), is DENIED without

prejudice subject to renewal should counsel be warranted at a later date.

      ORDERED this 24th day of November 2006.


                          BRIAN  L. OWSLEY
                          UNITED STATES MAGISTRATE JUDGE