IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| TAURUS BROWN | § | |
|     TDCJ-CID #877566 | § | |
| v. | § | C.A. NO. C-04-471 |
| | § | |
| CHRISTOPHER CARR, ET AL. | § | |

## ORDER

This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983. Pending is plaintiff's pro se motion for a unit transfer. (D.E. 129). Pending also is his pro se motion for a telephone conference and a move from the unit. (D.E. 132).

The parties have consented to proceed before a magistrate judge in this action. (D.E. 112, 113). The action was then assigned to a magistrate judge for "all further proceedings, including final judgment." (D.E. 114).

Although plaintiff filed this action pro se, he has been represented by counsel since February 16, 2007. (D.E. 115). Pursuant to telephone conferences in June 2007, the Texas Department of Criminal Justice ("TDCJ") transferred plaintiff from the Allred Unit in Iowa City, Texas to the Connally Unit in Kenedy, Texas to accommodate plaintiff's counsel.

Unfortunately, plaintiff asserts that he has a history of problems at the Connally Unit and claims that his life is in danger there and that he is subject to retaliation by various prison officials. On September 25, 2007, a teleconference was conducted at which defense counsel indicated that TDCJ had transferred plaintiff to the Estelle Unit in Huntsville.

In plaintiff's pro se motion for a unit transfer, he seeks review from the district judge. (D.E. 129, at 1). Once the parties consented and the district judge reassigned the case, review of any decisions by the magistrate judge is by the Fifth Circuit. See 28 U.S.C. § 636(c)(3); accord

<u>Madison v. Parker</u>, 104 F.3d 765, 767 (5th Cir. 1997); <u>Rhodes v. Guiberson Oil Tools Div.</u>, 927 F.2d 876, 879 (5th Cir. 1991).  Here, any decision must be appealed to the Fifth Circuit.

To the extent that plaintiff asserts he was retaliated against by prison officials at the Connally Unit, proper jurisdiction for such an action is in the San Antonio Division of the Western District of Texas.  28 U.S.C. § 124(d)(4).

Because TDCJ transferred plaintiff to the Estelle Unit, his <u>pro se</u> motion for a unit transfer, (D.E. 129), and his <u>pro se</u> motion for a telephone conference and a move from the unit, (D.E. 132), are denied as moot.

Finally, it is hereby ORDERED that plaintiff may no longer file <u>pro se</u> motions without leave of the Court because he is represented by counsel.  <u>See</u> <u>United States v. Vampire Nation</u>, 451 F.3d 189, 206-07 (3d Cir. 2006); <u>United States v. Guadalupe</u>, 979 F.2d 790, 795 (10th Cir. 1992); <u>see also</u> <u>United States v. Gwiazdzinski</u>, 141 F.3d 784, 787 (7th Cir. 1998) (striking <u>pro se</u> motion where litigant was represented by counsel).  If plaintiff continues to file <u>pro se</u> motions, they will be construed as motions to represent himself in this action and his counsel may be terminated.  Plaintiff's counsel is ORDERED to ensure that plaintiff receives a copy of this order.

ORDERED this 27th day of September 2007.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE