IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| TAURUS BROWN, | § | |
| | § | |
| v. | § | C.A. NO. C-04-471 |
| | § | |
| CHRISTOPHER CARR, ET AL. | § | |

## ORDER REGARDING PLAINTIFF'S MOTIONS IN LIMINE

This is a civil rights action filed by a prisoner pursuant to 42 U.S.C. § 1983. Pending are plaintiff's motions in limine and first amended motions in limine. (D.E. 145, 153). Specifically, plaintiff seeks a ruling on twenty-six matters in advance of trial. Defendant has not filed a response to this motion.[1] For the reasons given below, the motion is GRANTED in part and DENIED in part.

## I. LEGAL STANDARDS FOR MOTIONS IN LIMINE.

The Fifth Circuit has observed that "[m]otions in limine are frequently made in the abstract and in anticipation of some hypothetical circumstance that may not develop at trial." Collins v. Wayne Corp., 621 F.2d 777, 784 (5th Cir. 1980). The Collins court further explained that

> When a party files numerous motions in limine, the trial court may not pay close attention to each one, believing that many of them are purely hypothetical. Thus, a party whose motion in limine has been overruled must object when the error he sought to prevent with his motion in limine is about to occur at trial. This will give the trial court an opportunity to reconsider the grounds of the motion in light of the actual instead of hypothetical circumstances at trial.

---

[1] Pursuant to Local Rule 7.4, failure to respond is taken as a representation of no opposition.

Id.; accord C.P. Interests, Inc. v. Cal. Pools, Inc., 238 F.3d 690, 697 n.5 (5th Cir. 2001).

Evidence should not be excluded in limine unless it is clearly inadmissible on all potential grounds.  Hawthorne Partners v. AT&T Tech., Inc., 831 F. Supp. 1398, 1400 (N.D. Ill. 1993) (citing Luce v. United States, 469 U.S. 38, 41 n.4 (1984)).  Evidentiary rulings, especially those addressing broad classes of evidence, should often be deferred until trial so that questions of foundation, relevancy and potential prejudice can be resolved in proper context.  Sperberg v. Goodyear Tire & Rubber Co., 519 F.2d 708, 712 (6th Cir. 1975); see also Starling v. Union Pac. R.R., 203 F.R.D. 468, 482 (D. Kan. 2001) ("it is the better practice to wait until trial to rule on objections when admissibility substantially depends upon what facts may be developed there"). "Denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion will be admitted at trial.  Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded."  Hawthorne Partners, 813 F. Supp. at 1401.

## II.  RULINGS ON PLAINTIFF'S MOTIONS IN LIMINE.

Plaintiff has requested the Court exclude the following evidence:

**1.    Any evidence Defendants did not produce in discovery.  Defendants should not be permitted to present any witness they did not timely name in their Interrogatories or Requests for Disclosures, or any evidence they failed to produce in response to any discovery.**

This Court is vested with broad discretion to preserve the integrity and purpose of the pretrial scheduling order.  Barret v. Atlantic Richfield Co., 95 F.3d 375, 380 (5th Cir. 1996). Furthermore, Rule 16(f) of the Federal Rules of Civil Procedure authorizes a court to sanction a party who fails to comply with a pretrial scheduling order by excluding evidence, in order to

preserve the integrity and purpose of the order. Geiserman v. MacDonald, 893 F.2d 787, 790 (5th Cir. 1990). The Federal Rules of Civil Procedure provide a list of potential sanctions for failing to comply with a scheduling order. Fed. R. Civ. P. 37(b)(2); accord Barret, 95 F.3d at 380.

The cut-off date for discovery in this action was November 2, 2007. (D.E. 136). Similarly, the final date to designate witnesses was November 26, 2007. Id. Thus, any attempt to present a witness not already designated, or to introduce evidence not already produced in response to discovery, would be untimely. However, there is no reason to rule on this issue until presented in the context of the actual trial. In fashioning a sanction, a trial "court should impose only that sanction which is the least severe way to effect compliance with the court's discovery orders." United States v. Garrett, 238 F.3d 293, 298 (5th Cir. 2000) (citation omitted). The Fifth Circuit has explained that "[i]n exercising its discretion in considering the imposition of sanctions for discovery violations, a district court should consider the following factors: (1) the reasons why the disclosure was not made; (2) the amount of prejudice to the opposing party; (3) the feasibility of curing such prejudice with a continuance of trial; and (4) any other relevant circumstances." United States v. Garza, 448 F.3d 294, 299-300 (5th Cir. 2006) (citations omitted). Accordingly, plaintiff's motion in limine is DENIED without prejudice.

**2.     Any attempt to elicit testimony from Plaintiff about communications with his lawyers. Such communications are privileged.**

Not all communications with counsel are privileged. The attorney-client privilege applies to confidential communications made for the purposes of securing legal advice. United States v. Neal, 27 F.3d 1035, 1048 (5th Cir. 1994). The party asserting the attorney-client privilege bears the burden of proving it. United States v. Newell, 315 F.3d 510, 525 (5th Cir.

2002); United States v. Harrelson, 754 F.2d 1153, 1167 (5th Cir. 1985). "Blanket claims of privilege are disfavored." Nguyen v. Excel Corp., 197 F.3d 200, 206 n.16 (5th Cir. 1999) (citations omitted). Furthermore, the privilege can be waived. See, e.g., Willy v. Administrative Review Bd., 423 F.3d 483, 497 (5th Cir. 2005); Newell, 315 F.3d at 525-26.

Plaintiff may assert the privilege at trial regarding a specific communication. Accordingly, plaintiff's motion in limine is DENIED without prejudice.

**3.  Any comment by Defendants' attorney that informs the jury of the effect of its answers to the questions in the charge.**

The Fifth Circuit has explained that, unlike Texas state courts, "federal courts are free to tell juries the effects of their answers." Martin v. Texaco, Inc., 726 F.2d 207, 216 (5th Cir. 1984); accord Turlington v. Phillips Petroleum Co., 795 F.2d 434, 443-44 (5th Cir. 1986). The decision whether to instruct the jury on the effects of its answers is "a matter of discretion for the trial court." Martin, 726 F.2d at 216. The Court may decide to so inform the jury of the legal consequences of its answers to special or general submissions. Accordingly, plaintiff's motion in limine is DENIED.

**4.  Defendants' called witnesses or their attorney's mention of the probable anticipated testimony of a witness who has not previously testified, is absent, unavailable, not called to testify in this case, or not allowed, in any manner, to testify in this case.**

Plaintiff's motion in limine is GRANTED. Neither party will be allowed to mention the anticipated testimony of an absent witness.

**5.  Any attempt to seek or request Plaintiff's attorney to produce documents, to stipulate to any fact, or to make any agreement in the presence of the jury.**

Plaintiff's refusal to stipulate or inability to produce documents, if done before the jury, may unfairly prejudice his case. Accordingly, Plaintiff's motion in limine is GRANTED.

Neither party will be allowed to seek the production of documents or the stipulation to facts in the presence of the jury.

6. **Before the court rules on the law applicable to this case, any statement of the law other than regarding the burden of proof and the basic legal definitions counsel believe to be applicable.**

Statements of irrelevant or inapplicable law may confuse the jury. Accordingly, Plaintiff's motion in limine is GRANTED. See Telewizja Polska USA, Inc. v. Echostar Satellite Corp., No. 02 C 3293, 2004 WL 2367740, *7-8 (N.D. Ill. Oct. 15, 2004) (unpublished).

7. **The attempt to call any witness, either lay or expert, who was not fully identified by first and last name and current business or residence address and current telephone number in answers to discovery filed herein by the deadlines expressed in this Court's Docket Control Order.**

This Court is vested with broad discretion to preserve the integrity and purpose of the pretrial scheduling order. Barret, 95 F.3d at 380. Furthermore, Rule 16(f) of the Federal Rules of Civil Procedure authorizes a court to sanction a party who fails to comply with a pretrial scheduling order by excluding evidence, in order to preserve the integrity and purpose of the order. Geiserman, 893 F.2d at 790. The Federal Rules of Civil Procedure provides a list of potential sanctions for failing to comply with a scheduling order. Fed. R. Civ. P. 37(b)(2); accord Barret, 95 F.3d at 380.

There is no reason to rule on this issue until presented in the context of the actual trial. In fashioning a sanction, a trial "court should impose only that sanction which is the least severe way to effect compliance with the court's discovery orders." Garrett, 238 F.3d at 298 (citation omitted). The Fifth Circuit has explained that "[i]n exercising its discretion in considering the imposition of sanctions for discovery violations, a district court should consider the following factors: (1) the reasons why the disclosure was not made; (2) the amount of prejudice to the

opposing party; (3) the feasibility of curing such prejudice with a continuance of trial; and (4) any other relevant circumstances." Garza, 448 F.3d at 299-300 (citations omitted).  Accordingly, plaintiff's motion in limine is DENIED without prejudice.

**8.     Any reference to documents or other tangible evidence which have not been timely identified to the Plaintiff in responses to written discovery or which have not been timely furnished to Plaintiff at least thirty days prior to trial.**

This Court is vested with broad discretion to preserve the integrity and purpose of the pretrial scheduling order.  Barret, 95 F.3d at 380.  Furthermore, Rule 16(f) of the Federal Rules of Civil Procedure authorizes a court to sanction a party who fails to comply with a pretrial scheduling order by excluding evidence, in order to preserve the integrity and purpose of the order.  Geiserman, 893 F.2d at 790.  The Federal Rules of Civil Procedure provide a list of potential sanctions for failing to comply with a scheduling order.  Fed. R. Civ. P. 37(b)(2); accord Barret, 95 F.3d at 380.

There is no reason to rule on this issue until presented in the context of the actual trial.  In fashioning a sanction, a trial "court should impose only that sanction which is the least severe way to effect compliance with the court's discovery orders."  Garrett, 238 F.3d at 298 (citation omitted).  The Fifth Circuit has explained that "[i]n exercising its discretion in considering the imposition of sanctions for discovery violations, a district court should consider the following factors:  (1) the reasons why the disclosure was not made; (2) the amount of prejudice to the opposing party; (3) the feasibility of curing such prejudice with a continuance of trial; and (4) any other relevant circumstances."  Garza, 448 F.3d at 299-300 (citations omitted).  Accordingly, plaintiff's motion in limine is DENIED without prejudice.

**9.     That counsel for Defendants shall be instructed not to elicit, attempt to elicit, or offer any evidence or make any inquiry or mention from any witness regarding any opinions lay or expert regarding questions of law or fact which they are not qualified to give.**

The Federal Rules of Evidence require that opinion testimony by a lay witness be rationally based on the witness's perception and not based on scientific, technical or other specialized knowledge. Fed. R. Civ. P. 701; see also United States v. Riddle, 103 F.3d 423, 428 (5th Cir. 1997). Rule 702 allows expert testimony only when a witness is qualified as an expert by knowledge, skill, experience, training, or education. Fed. R. Civ. P. 702. Accordingly, plaintiff's motion in limine is GRANTED. Defendant shall abide by the Federal Rules of Evidence in eliciting lay and expert opinions.

**10.    That counsel for Defendants shall be instructed not to elicit, attempt to elicit, or offer any evidence or make any inquiry or mention from any "expert" witness regarding any opinions regarding questions of law or fact which they are not qualified to give, are not relevant to any issue in the case or are not based upon reliable scientific principles and/or techniques.**

Rule 702 allows expert testimony only when a witness is qualified as an expert by knowledge, skill, experience, training, or education. Fed. R. Civ. P. 702. Plaintiff's motion in limine is GRANTED. Defendant shall abide by the Federal Rules of Evidence in eliciting expert opinions.

**11.    That the Defendants and their attorneys refrain from personal attacks on the truthfulness of other counsel.**

Personal attacks on opposing counsel are never appropriate. Neither party shall personally attack the truthfulness of opposing counsel. Accordingly, Plaintiff's motion in limine is GRANTED.

**12.    That no witness or opposing counsel refer to, allude to or make demands or requests before the jury for matters contained in the files of Plaintiff or his attorneys, including but not limited to statements, pleadings, charts, photographs, or other documents or tangible things.**

Plaintiff's request is overly broad and void of any context. Accordingly, plaintiff's motion in limine is DENIED without prejudice.

**13.    That the Defendants and their attorneys not seek nor request the attorneys for Plaintiff to produce instruments, or to stipulate to any fact, or to make any sort of agreement in the presence of the jury.**

Plaintiff's refusal to stipulate or inability to produce documents, if done before the jury, may unfairly prejudice his case. Accordingly, Plaintiff's motion in limine is GRANTED. Neither party will be allowed to seek the production of documents, or the stipulation to facts in the presence of the jury.

**14.    That no Defendants' witness or Defendants' counsel make reference to any statement of any venireman after the close of voir dire.**

Statements by veniremen cannot be relevant because they do not tend to make any material fact more or less probable. See Fed. R. Evid. 401. Accordingly, Plaintiff's motion in limine is GRANTED. Neither party shall make any reference to statements by any member of the venire after the close of voir dire.

**15.    Any reference in any manner that this Motion has been presented to or ruled upon by the Court. In this connection, Plaintiff requests that Defendants' counsel be instructed not to suggest by argument or otherwise that Plaintiff has sought to exclude from evidence or proof any matters bearing on the issues in this cause or the rights of the parties to this suit.**

The fact that evidence has been excluded cannot be relevant because it does not tend to make any material fact more or less probable. Fed. R. Evid. 401. Accordingly, Plaintiff's motion in limine is GRANTED. See Niver v. Travelers Indem. Co., 433 F. Supp.2d 968, 998-99

8

(N.D. Iowa 2006).

16. **That the attorneys for the Defendants shall be prohibited from exhibiting or displaying in any way before the jury any documents, drawings, photographs, videotapes or motion pictures, charts or other visual displays, without first allowing Plaintiff's counsel to review the same.**

Local Rule 46 requires that "[o]bjections to admissibility of exhibits be made at least three business days before trial by notifying the Court in writing of the disputes, with copies of the exhibit and authority." Accordingly, plaintiff's motion in limine is GRANTED consistent with Local Rule 46.

17. **Any reference to or attempts to read from any ex parte or written statement where the person making the statement is or has not been cross-examined concerning said statements.**

As a general matter, hearsay statements are not admissible; however, there are several exceptions to that rule which require the Court to look at each individual statement on a case-by-case basis. For example, statements for purposes of medical diagnosis and treatment may be exceptions to the hearsay rule. Fed. R. Evid. 803(4). Similarly, business records may also be excepted from the hearsay rule. Fed. R. Evid. 803(6).

The information contained in medical records is evaluated pursuant to Rule 803(4). To be admissible pursuant to this rule, a statement in a medical record must be "of the type pertinent to a physician in providing treatment." Wilson v. Zapata Off-Shore Co., 939 F.2d 260, 272 (5th Cir. 1991) (citing Cook v. Hoppin, 783 F.2d 684, 390 (7th Cir. 1986)).

Regarding Rule 803(6), the Fifth Circuit determined that the rule "provides a hearsay exception for records kept in the course of *any* regularly conducted business activity, which would include hospitals.... The admissibility of hospital records under this exception is supported by the presumption of reliability that attaches to statements relating to treatment and

medical history in such records." Id. at 271 (citations omitted) (italics in original). The Fifth Circuit further provided that Rule 803(6) "does not require testimony that the record is accurate. As this Court has previously held, 'Any person in a position to attest to the authenticity of certain records is competent to lay the foundation for the admissibility of the records; he need not have been the preparer of the record, *nor must he personally attest to the accuracy of the information* contained in the records.'" Id. at 272 (citation omitted) (italics in original); see also United States v. Duncan, 919 F.2d 981, 986 (5th Cir. 1991).

Accordingly, plaintiff's motion in limine is DENIED without prejudice.

**18.    That the Plaintiff failed to call a witness that is equally available to all the parties.**

In federal courts, the uncalled witness rule allows a factfinder to draw a negative inference from a party's failure to call a witness only when that witness is "peculiarly within his power." Herbert v. Wal-Mart Stores, Inc., 911 F.2d 1044, 1046 (5th Cir. 1990) (per curiam) (citing Graves v. United States, 150 U.S. 118, 121 (1893)); Streber v. Comm'r of Internal Revenue, 138 F.3d 216, 221-22 (5th Cir. 1998). In Herbert, the court further explained that "[a]fter giving the issue due consideration, we conclude that the uncalled-witness rule has no place in federal trials conducted under the Federal Rules of Evidence and the Federal Rules of Civil Procedure." 911 F.2d at 1047. The Fifth Circuit continued by noting that "the rule has so frequently been either applied or referred to in dicta in this circuit since, as well as before, the adoption of the Federal Rules of Evidence, that it might be considered the law of the circuit." Id. at 1048-49. The usefulness of the rule has been called into question by the Fifth Circuit. More important, plaintiff's request lacks any context, including the control of the specific witness. Accordingly, plaintiff's motion in limine is DENIED without prejudice.

**19.    That Plaintiff or his attorneys or agents have deliberately withheld any evidence.**

Federal law allows a negative inference instruction when evidence is suppressed, or withheld in bad faith. <u>King v. Ill. Cent. R.R.</u>, 337 F.3d 550, 556 (5th Cir. 2003) (citation omitted); <u>Caparatta v. Entergy Corp.</u>, 168 F.3d 754, 756 (5th Cir. 1999). If the defendant can show that plaintiff has withheld evidence in bad faith, a presumption that the evidence was unfavorable may arise. However, defendant shall not suggest that plaintiff has withheld any evidence without first establishing bad faith out of the jury's presence.

Accordingly, plaintiff's motion <u>in limine</u> is DENIED.

**20.    Any reference to the Defendants' counsel's personal beliefs or opinions concerning the character of the Plaintiff over and above what is shown by the evidence. In this connection, personal attacks before the jury by Defendants' counsel against Plaintiff's attorney is strictly forbidden.**

Personal attacks on opposing counsel are never appropriate. Neither party shall engage in personal attacks against opposing counsel. Accordingly, Plaintiff's motion <u>in limine</u> is GRANTED.

**21.    That counsel for Defendants shall be instructed not to elicit, attempt to elicit, or offer any evidence or make any inquiry or mention from any "expert" witness herein unless and until Defendants can establish that such evidence and/or opinion has an accurate and reliable factual foundation.**

In Texas state court, expert witnesses may not opine on hypothetical matters. <u>See</u> <u>Burroughs Wellcome Co. v. Crye</u>, 907 S.W.2d 497, 499-500 (Tex. 1995). However, in federal actions, experts are allowed to offer opinions on hypothetical questions when they have no personal knowledge of the case. <u>See</u>, <u>e.g.</u>, <u>United States v. Dixon</u>, 185 F.3d 393, 401-02 (5th Cir. 1999); <u>In the Matter of P&E Boat Rentals, Inc.</u>, 872 F.2d 642, 654 (5th Cir. 1989); <u>Snyder v. Whittaker Corp.</u>, 839 F.2d 1085, 1089 (5th Cir. 1988). These hypotheticals may be based on

facts that are disputed at trial as long as they are supported by some direct or circumstantial evidence and do not unfairly distort the facts of the case. See, e.g., Abbott v. Babcock & Wilcox Co., 905 F.2d 201, 203 (8th Cir. 1990) (per curiam); Theriot v. Bay Drilling Corp., 783 F.2d 527, 537 n.8 (5th Cir. 1986); Logson v. Baker, 517 F.2d 175, 175 (D.C. Cir. 1975) (per curiam). Accordingly, plaintiff's motion in limine is DENIED.

**22.     Any attempt by Defendants to characterize as an "expert" any witness who has not at this time been a designated expert of a party, or that Defendants or Defendants' counsel has timely designated as an expert over a particular matter.**

This Court is vested with broad discretion to preserve the integrity and purpose of the pretrial scheduling order. Barret, 95 F.3d at 380. Furthermore, Rule 16(f) of the Federal Rules of Civil Procedure authorizes a court to sanction a party who fails to comply with a pretrial scheduling order by excluding evidence, in order to preserve the integrity and purpose of the order. Geiserman, 893 F.2d at 790; see also id. at 791 (applying four-factor analysis to undesignated expert witness). The Federal Rules of Civil Procedure provide a list of potential sanctions for failing to comply with a scheduling order. Fed. R. Civ. P. 37(b)(2); accord Barret, 95 F.3d at 380.

There is no reason to rule on this issue until presented in the context of the actual trial. In fashioning a sanction, a trial "court should impose only that sanction which is the least severe way to effect compliance with the court's discovery orders." Garrett, 238 F.3d at 298 (citation omitted). The Fifth Circuit has explained that "[i]n exercising its discretion in considering the imposition of sanctions for discovery violations, a district court should consider the following factors: (1) the reasons why the disclosure was not made; (2) the amount of prejudice to the opposing party; (3) the feasibility of curing such prejudice with a continuance of trial; and (4)

any other relevant circumstances." Garza, 448 F.3d at 299-300 (citations omitted). Accordingly, plaintiff's motion in limine is DENIED without prejudice.

23. **Any attempt by Defendants to refer to or introduce to the jury any hearsay document.**

As a general matter, hearsay statements are not admissible. However, there are several exceptions in the Federal Rules of Evidence, which require the Court to look at each individual statement on a case-by-case basis. See Fed. R. Evid. 803-05, 807. Accordingly, plaintiff's motion in limine is DENIED without prejudice.

24. **The attempt by Defendants to introduce any evidence concerning standards, codes or regulations relevant to the proximate or contributing cause of the claims in question without first establishing by prima facie evidence that such standards, codes or regulations are relevant, for the reason that, without such predicate, any such evidence is irrelevant, misleading, confusing to the jury and prejudicial to Plaintiff.**

Irrelevant evidence is not admissible. Fed. R. Evid. 402. Similarly, unfairly prejudicial or misleading evidence is not admissible. Fed. R. Evid. 403. However, plaintiff's request is overly broad and void of any context. Accordingly, plaintiff's motion in limine is DENIED without prejudice.

25. **That neither the Defendants nor any witness called or questioned by Defendants' counsel make or offer any testimony from any hearsay source designed to place Plaintiff in an unfavorable light before the jury.**

The Federal Rules of Evidence govern the admission of hearsay, as well as the admissibility of evidence that may unfairly prejudice plaintiff. See Fed. R. Evid. 803-05, 807, 403-04. These rules cannot be applied except in the context of specific evidence. Any such attempt to introduce hearsay evidence must be evaluated pursuant to those rules on plaintiff's objection. Accordingly, plaintiff's motion in limine is DENIED without prejudice.

**26.    Any medical records that have not been properly authenticated as per the Federal Rules of Civil Procedure.**

Federal Rules of Evidence govern authentication of documentary evidence in this action. See Fed. R. Evid. 901-02. These rules apply to any medical records. Moreover, Local Rule 44.1 requires that a party requiring an exhibit be authenticated to notify opposing counsel in writing within five days after the exhibit is listed and made available. Additionally, Rule 37 authorizes sanctions against any party who refuses to admit the authenticity of a document in response to such a request if that document is later found to be genuine. Fed. R. Civ. P. 37(c). Accordingly, plaintiff's motion in limine is DENIED without prejudice.

ORDERED this 16th day of January 2008.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE